IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERIC JAMES LOSTUTTER,       )
                             )
          Plaintiff,         )
                             )
     v.                      )    1:17-cv-801
                             )
SAMANTHA COOK,               )
                             )
          Defendant.         )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Plaintiff Deric Lostutter's pro se complaint brings claims sounding in contract, tort, and criminal law, against Defendant Samantha Cook. Before the court is Lostutter's motion for default judgment (Doc. 19) and Cook's motion to dismiss (Doc. 24).

Viewed in the light most favorable to Lostutter, the complaint alleges the following facts:

Cook, an Ohio resident, is a former acquaintance of Lostutter, a resident of Greensboro, North Carolina. (Doc. 2 at 3-4.) After Cook allegedly "began exhibiting stalking behavior against the Plaintiff," Lostutter sought and received a temporary restraining order against her in state court. (Id. at 4-5.) On March 4, 2016, in order to resolve this and related state criminal and civil proceedings between the parties, Lostutter and Cook entered into a mediation agreement whereby the parties made a variety of promises along the lines of not contacting each other, not

contacting third parties concerning each other, etc. (Docs. 22-2, 24-2.)[1] Since then, Cook has allegedly made a variety of contacts with third parties concerning Lostutter and/or his family members, including derogatory Instagram comments aimed at Lostutter's wife, "interfer[ence] in a private custody matter regarding [Lostutter's] step-son," and other alleged malfeasance. (Doc. 2 at 6–11.)

On September 5, 2017, Lostutter filed a complaint in this court, alleging that Cook's actions amount to breach of contract (Count 1); intentional infliction of emotional distress (Count 2); violation of federal and state criminal anti-stalking statutes (Counts 3, 4, and 9); libel, defamation, and slander (Counts 5, 6, 7, and 8); and "harassment" (Count 10). (Id.) As relief, Lostutter requests monetary damages, a preliminary injunction or temporary restraining order, and "[a]ny other punitive or other relief . . . deem[ed] just and proper." (Id. at 12.)

On April 26, 2018, the United States Magistrate judge granted Lostutter's motion for extension of time to serve the Defendant (Doc. 11), allowing Lostutter 90 days from that date to secure

---

[1] Both parties attach copies of the mediation agreement to their motion briefing. (Docs. 22-2, 24-2.) Neither party challenges the authenticity of the agreement, which is clearly integral to Lostutter's complaint — as he discusses it at length and bases his contract claim upon Cook's alleged violation of it. (Doc. 2 at 5–8.) Thus, the court may consider it without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 12(d); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

proper service (Doc. 14).² On July 30, 2018, Lostutter filed an affidavit of service averring service of process by publication. (Doc. 17.) He attached an exhibit showing the sworn and notarized statement of the bookkeeper of The Herald-Star, a newspaper based in Steubenville, Ohio, that Lostutter's notice (also included in the exhibit) was published on July 3, 2018. (Doc. 17-1.)

On August 6, 2018, having received no response from Cook, Lostutter moved for entry of default (Doc. 18) and for default judgment (Doc. 19). The clerk entered default on August 8, 2018. (Doc. 20.)

On August 23, 2018, Cook filed the instant motion to dismiss, arguing insufficient service of process, improper venue, and lack of personal jurisdiction. (Doc. 24.) Lostutter's response, filed September 10, 2018, denies those grounds for dismissal in addition to arguing that Cook's motion is untimely, that it was not served on him, and that it should be struck for noncompliance with Federal Rule of Civil Procedure 11. (Doc. 26.)

Lostutter is correct that Cook's motion does not comply with Rule 11(a), which requires that any "written motion . . . must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Neither does the motion "state the signer's

---

² The magistrate judge also denied Lostutter's motion for early discovery. (Doc. 14.)

address, e-mail address, and telephone number," as also required by Rule 11(a). Id.; see also Local Rule 7.1(b) ("Parties or attorneys signing papers submitted for filing must state their telephone numbers, mailing addresses and e-mail addresses."). While Rule 11(a) generally directs that a nonconforming motion should not be struck unless the nonconformity is first called to the movant's attention and yet remains nonconforming, the court has no way to advise Cook of her omissions since she has left no way to contact her.[3] See Malibu Media, LLC v. Leightner, No. 1:12-cv-00845-TWP-MJD, 2012 WL 13028662, at *1 (S.D. Ind. Oct. 31, 2012) (striking unsigned motion under Rule 11(a) without first calling the nonconformity to the movant's attention because, "due to the movant's failure to provide the Court with any means of contacting them, the Court is unable to instruct the movant of the deficiencies in the motion and afford them an opportunity to correct them").

To the extent Cook means to argue that she is exempted from some or all of the requirements of Rule 11(a) "due to [her] active civil stalking protection order against [Lostutter]," she has not provided any legal basis for such an argument, nor has she specified why she should not be required to provide some form of

---

[3] In addition to Cook's motion itself being devoid of contact information, the envelope in which the motion was sent lacks a legitimate return address. (Doc. 24-3.) The return address provided is the same as the as the recipient's address: the address of this court. (Id.)

4

contact information. Cf. TCYK, LCC v. John Does 1-37, No. 2:13-cv-688, 2013 WL 5492567, at *2 (S.D. Ohio Oct. 1, 2013) ("[T]he moving defendant expresses a 'fear' of being 'unjustly [] and incessantly harassed' should his or her identity be revealed to plaintiff or the public. . . . However, a desire to avoid persistent contact by a plaintiff has been found to be an inadequate basis for allowing a party to proceed anonymously."); Malibu Media, LLC v. John Does 1-13, No. CV 12-1156(JFB)(ETB), 2012 WL 2325588, at *2 (E.D.N.Y. June 19, 2012) ("[Defendant] has not made a motion to proceed anonymously in this action, let alone proffered an adequate reason why he should be afforded permission to do so. Rather, he has unilaterally withheld his identifying information . . . on the grounds that he fears 'overly aggressive retaliation' by plaintiff. Thus, it is impossible for any party or for the Court to communicate with the movant . . . . A party cannot litigate an action under such circumstances."). As a result, Cook's motion to dismiss (Doc. 24) will be struck. See Leightner, 2012 WL 13028662, at *1; Fed. R. Civ. P. 11(a); Local Rule 7.1(b).

Nevertheless, Lostutter's motion for default judgment must be denied for insufficient service of process, and the Clerk's entry of default will be set aside.

"When confronted with a motion for default judgment, a court may either grant the motion under Federal Rule of Civil Procedure

5

55(b)(2), or set aside the entry of default for good cause under Rule 55(c)." Capital Concepts, Inc. v. CDI Media Grp. Corp., No. 3:14-cv-00014, 2014 WL 3748249, at *3 (W.D. Va. July 29, 2014); see also Broglie v. Mackay-Smith, 75 F.R.D. 739, 742 (W.D. Va. 1977) ("[T]he issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court."). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). An "Entry of Default may be vacated for failure of service of process." U.S. ex rel. Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 690 (M.D.N.C. 1986).

Here, although Lostutter claims service of process by publication (Doc. 17), he fails to show that his attempted service by publication conforms to the rules governing such service.[4] It is true that Federal Rule of Civil Procedure 4(e) allows for

---

[4] Lostutter also appears to argue that Cook had actual notice of this action, and that such actual notice cures any deficiency in service of process. (Doc. 16.) However, as this court has previously stated, "[s]ervice of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred." Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008); see also Land v. Food Lion, LLC, No. 3:12-cv-00006-GCM, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) ("Actual notice of a lawsuit is insufficient to confer jurisdiction over the person of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer such personal jurisdiction.").

6

service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," and it is also true that both North Carolina (where this court sits) and Ohio (where service was attempted) allow for service by publication. See N.C. Gen. Stat. § 1A-1, Rule 4(j1); Ohio R. Civ. P. 4.4(A)(1). But in neither state does a single publication in a newspaper suffice for proper service by publication: North Carolina requires "publication once a week for three successive weeks," N.C. Gen. Stat. § 1A-1, Rule 4(j1), and Ohio requires "publication . . . at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law," Ohio R. Civ. P. 4.4(A)(1). Lostutter's exhibit shows that he only published the relevant notice a single time — on July 3, 2018. (Doc. 17-1.) Since Lostutter has failed to effect proper service, his motion for default judgment must be denied.[5] See, e.g., Norfolk S. Ry. Co. v. Old Stage Partners, LLC, No. 5:07-CV-457-F, 2008 WL 5220219, at *3 (E.D.N.C. Dec. 12, 2008) ("It is Plaintiff's burden to show proper service was effected upon [Defendant]. Without proper service being established, this court cannot allow the Motion for Default Judgment."); Jeter v.

---

[5] The court expresses no opinion about whether the substance of Lostutter's notice complies with the rules governing service by publication.

7

Palmetto Health, No. 3:10-2832-CMC-JRM, 2011 WL 3296172, at *4 (D.S.C. July 29, 2011) ("That service was deficient precludes entry of default."). For these reasons, therefore,

IT IS ORDERED that Lostutter's motion for default judgment (Doc. 19) is DENIED, the entry of default (Doc. 20) is SET ASIDE, and Cook's motion to dismiss (Doc. 24) is STRUCK.

                                                  /s/   Thomas D. Schroeder
                                            United States District Judge

November 15, 2018